Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| AIDA E. BERMÚDEZ RAMOS Y OTROS<br><br>Recurrido<br><br>V.<br><br>METRO CAGUAS INCORPORATED<br><br>Peticionarios | TA2025CE00208 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.: CG2024CV2389<br><br>Sobre: Despido Injustificado Procedimiento Sumario (Ley 2) |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, y la Jueza Díaz Rivera.

Grana Martínez, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 28 de agosto de 2025.

La parte peticionaria, Metro Caguas Incorporated solicita que revoquemos una *Orden* emitida por el Tribunal de Primera Instancia de Caguas (TPI) el 18 de julio de 2025, en la que se le ordenó proveer cierta información como parte del descubrimiento de prueba.

Los recurridos del epígrafe, presentaron su oposición al recurso de *Certiorari.* Los hechos esenciales para comprender la determinación que hoy tomamos se incluyen a continuación.

**I**

En síntesis, el 4 de julio de 2024, los recurridos presentaron una Querella al amparo del proceso sumario establecido mediante la Ley Núm. 2 de 17 de octubre de 1961en la que alegaron haber sido despedidos injustificadamente por parte de Metro Caguas Incorporated.[1] El 7 de agosto de 2025, la parte peticionaria presentó la *Contestación a Querella* en el cual negó las alegaciones.[2] Así pues,

---

[1] Entrada 1 de Sistema Unificado de Manejo y Administración de Casos del TPI (SUMAC).
[2] Entrada 9 de SUMAC.

los recurridos cursaron un *Primer Pliego de Interrogatorios y Solicitud de Producción de Documentos*. En respuesta, la parte peticionaria cursó su *Contestación al Primer Pliego de Interrogatorios y Requerimiento de Producción de Documentos*.[3] No obstante, este no proveyó la información solicitada en cuanto a los "estados financieros preparados a partir del 20 de diciembre de 2023" y sus "planillas de contribución sobre ingresos correspondientes a los años 2023, 2024 y en adelante". Esto, ya que alegó que dicha información era impertinente al caso y debía considerarse como documentos confidenciales.

Sin embargo, el 18 de julio de 2025, el TPI le ordenó a la parte peticionaria producir la información solicitada por los recurridos.[4]

Inconforme, el 28 de julio de 2025, la parte peticionaria presentó recurso de *Certiorari* en el cual alega los siguientes errores:

> **PRIMER SEÑALAMIENTO:** Erró el TPI al expedir la Orden recurrida requiriendo a Metro Caguas producir los "estados financieros del Hospital preparados a partir del 20 de diciembre de 2023" y las "planillas de contribución sobre ingresos de 2023, 2024, en adelante", por dichos documentos no tener pertinencia alguna al presente caso, requerir que se divulgue información confidencial protegida y no existir la probabilidad razonable de que tales documentos e información conducirán al descubrimiento de prueba admisible.

> **SEGUNDO SEÑALAMIENTO:** Erró el TPI y abusó de su discreción al emitir la Orden recurrida sin permitir que Metro Caguas se opusiera a la Solicitud de Orden según su derecho en virtud de la Regla 8.4 de Procedimiento Civil.

Por su parte, el 30 de julio de 2025, los recurridos presentaron *Moción de Desestimación por Falta de Jurisdicción Oposición a la Expedición del Auto de Certiorari*. En síntesis, estos alegaron que procede la *Orden* sobre el descubrimiento recurrida, ya que la parte peticionaria intenta justificar el despido de los recurridos mediante

---

[3] Entrada 52 de SUMAC.
[4] Entrada 51 de SUMAC.

una defensa económica, dado a una supuesta reestructuración o reorganización.

## II

### A. El certiorari

El Tribunal Supremo de Puerto Rico estableció los criterios para la expedición de un certiorari en *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023). Nuestro máximo intérprete de la ley local, definió el certiorari como un mecanismo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido.[5] La opinión ratifica lo previamente expresado en *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *Mc Neil Healthcare v. Mun. de Las Piedras I,* 206 DPR 391, 403 (2021), *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020). La característica principal del certiorari es la discreción que tiene el tribunal para atenderlo. Discreción que ha sido definida reiteradamente como una forma de razonabilidad aplicada al discernimiento judicial. Su ejercicio persigue el objetivo de llegar a una conclusión justiciera. *Rivera et al. v. Arcos Dorados et al., supra,* pág. 210.

Por su parte, la Regla 52.1 de Procedimiento Civil, *supra,* establece los preceptos que rigen la discreción del Tribunal de Apelaciones para expedir un recurso de certiorari. Según lo establecido en la Regla 52.1 de Procedimiento Civil, *supra,* el recurso de certiorari solamente será expedido:

> ....
> [p]ara revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la

---

[5] Véase también 32 LPRA sec. 3491.

admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

Superado el análisis jurisdiccional de la referida regla, a fin de que el Tribunal de Apelaciones pueda ejercer su discreción prudentemente, la Regla 40 de su Reglamento, 4 LPRA Ap. XXII-B, establece los criterios que debería considerar el foro para determinar si procede ejercer su discreción y expedir el auto de certiorari. El texto de la regla citada es el siguiente.

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B) Si la situación de los hechos planteada es la más indicada para analizar el problema.

C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.

D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Puntualizamos que, no se favorece la revisión de asuntos interlocutorios en ausencia de los criterios antes mencionados. *800 Ponce de León v. AIG, supra*, págs.175-176; *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012). Esto por representar un inconveniente para el desenvolvimiento lógico y funcional del proceso el que se permita recurrir de las diversas resoluciones que recaen en los diversos actos del foro primario entorpeciendo la marcha ordenada del proceso litigioso. *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 730 (2016).

Por último, es pertinente enfatizar que se ha resuelto que el denegar la expedición de un auto de certiorari no constituye una adjudicación en los méritos, sino que "es corolario del ejercicio de la facultad discrecional del foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008). La parte afectada con la denegatoria a expedirse el auto de certiorari, tiene a su favor el revisar el dictamen final, cuando se resuelva la causa de acción por el foro primario. *Negrón Placer v. Sec. de Justicia*, 154 DPR 79, 93 (2001); *Bco. Popular de PR v. Mun. de Aguadilla*, 144 DPR 651, 658 (1997).

**B.  El uso del Certiorari en el Procedimiento Sumario Laboral.**

De ordinario, la revisión de resoluciones interlocutorias es contraria al carácter sumario del procedimiento laboral y, por lo tanto, la facultad de los tribunales apelativos al revisar dichas resoluciones es limitada. *Díaz Santiago v. PUCPR et al.,* 207 DPR 339, 348 (2021); *Dávila, Rivera v. Antilles Shipping, Inc.,* 147 DPR 483, 498 (1999).  No obstante, dicha norma no es absoluta.  El Tribunal, recordó que, en *Dávila, Rivera v. Antilles Shipping, Inc, supra*, enumeró las excepciones que permiten revisar las

resoluciones interlocutorias dictadas en los casos al amparo de Ley Núm. 2. Las excepciones reconocidas son las siguientes: (1) cuando el foro primario actuó sin jurisdicción, (2) situaciones en las que la revisión inmediata dispondría del caso por completo y, (3) cuando la revisión tenga el efecto de evitar una grave injusticia. El tribunal aplicó la segunda excepción y atendió el recurso, porque el patrono, solicitó una sentencia sumaria mediante la cual se podría disponer del caso por completo. *Ortiz v. Holsum,* 190 DPR 511, 517 (2014). Es en estas contadas circunstancias que el carácter sumario y la celeridad que caracterizan a los procedimientos tramitados bajo la Ley Núm. 2 ceden y los foros apelativos pueden revisar determinada resolución interlocutoria. *Díaz Santiago v. PUCPR et al., supra,* pág. 349.

### III

La parte peticionaria solicita que revisemos una orden emitida por el Tribunal de Primera Instancia que resolvió una Moción de Objeciones a Contestaciones a Interrogatorio Solicitud para que se Ordene Descubrir lo Solicitado presentada por los Querellantes requiriendo a Metro Caguas producir "estados financieros preparados a partir del 20 de diciembre de 2023" y sus "planillas de contribución sobre ingresos correspondientes a los años 2023, 2024 y en adelante".

Como anticipamos la Regla 52.1 de Procedimiento Civil, *supra,* no contempla la intervención revisora de este tribunal con un dictamen interlocutorio que resuelve un asunto de descubrimiento de prueba. Tampoco se favorece dicha revisión cuando el proceso se tramita sumariamente al amparo de la Ley Núm. 2, supra. El descubrimiento de prueba o manejo del caso es un asunto en el cual, de ordinario, este Tribunal no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con

prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". Lluch v. España Service Sta., 117 DPR 729, 745 (1986).

Por último, habiendo examinado el expediente en su totalidad al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* determinamos que no intervendremos en esta etapa procesal con la decisión del foro recurrido.

**IV**

Por lo que se deniega la expedición del auto de *certiorari.*

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones